FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 1 4 2002

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Chao,                           )
                                )
              Plaintiff,         )
                                )          CIV 01-1659-PHX-RCB
        vs.                      )
                                )          ORDER SETTING RULE 16
                                )          SCHEDULING CONFERENCE
TWU,                            )
                                )
              Defendant.         )
_____ )

Pursuant to the local rule governing differentiated case management, this action, commenced on September 5, 2001, is designated a **standard track** case. Accordingly,

**IT IS HEREBY ORDERED:**

Pursuant to Rule 16, Federal Rules of Civil Procedure, a Scheduling Conference is set for **MONDAY, APRIL 29, 2002 at 2:15pm**, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, SPC 61, Sixth Floor, Courtroom 606, Phoenix, AZ 85003-2158. Counsel are directed to Rule 16 for the objectives of this conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

Counsel shall confer before the conference regarding:

1



A.    Possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. §636(c), suitability for referral to this District's court-annexed voluntary arbitration program or any other alternative dispute resolution mechanism, or reference to a master;

B.    Any matters relating to jurisdiction, venue or joinder of additional parties;

C.    The scope of discovery, and possible limitations thereof.  Counsel are expected to comply with Rule 26(f) of the Federal Rules of Civil Procedure and seek to minimize the expense of discovery.  In cases where dispositive motions will be filed, counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion;

D.    A schedule of all pretrial proceedings, including a trial date, an estimate of the length of trial, and any suggestions for shortening trial;

E.    Prospects for settlement, and whether any party desires having a settlement conference before a judicial officer, or participating in any other alternative dispute resolution forum; and

F.    Any other matters which counsel may feel will help dispose of the matter in an efficient and economical manner.

**IT IS FURTHER ORDERED:**

2

G.    Counsel shall file with the Court, not less than ten days before the Scheduling Conference, a joint report reflecting the results of their discussion.  The report shall include individually numbered brief statements indicating:

1.    The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses;

2.    The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

3.    The jurisdictional basis of the case, citing specific statutes;

4.    Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance.  Unless counsel can otherwise show cause, an order shall accompany the joint report dismissing any party which has not been served, or seeking default judgment on any non-appearing party.

5.    The names of parties not subject to the Court's jurisdiction;

6.    Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

3

7.    Whether the case is suitable for reference to arbitration, to a master, or to a United States Magistrate Judge for trial;

8.    The status of related cases pending before other judges of this Court or before other courts;

9.    Proposed scheduling deadlines, including those deadlines contained in the attached form of Scheduling Order (Attachment #1), unless inapplicable.  If counsel cannot agree on deadlines, separate proposed deadlines may be submitted for discussion at the Scheduling Conference.

10.    Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

11.    Whether a jury trial has been requested;

12.    The prospects for settlement, including any request to have a settlement conference before another United States District Court Judge or Magistrate Judge, or other request of the court for assistance in settlement efforts;

13.    In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the **complex track** for case management purposes;

4

14.    Whether any unusual, difficult, or complex problems or issues exist which would require this case to be placed on the **complex track** for case management purposes; and

15.    Any other matters which counsel feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

After the conference, the Court will enter a Scheduling Order, which shall control the course of the action, unless modified by subsequent Order.  Counsel are cautioned that the deadlines set at this conference shall be enforced.

It is the responsibility of plaintiff's counsel to initiate the communication necessary to prepare this joint report.

This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 1, Federal Rules of Civil Procedure.

DATED this _____10 th_____ day of January, 2002.

ROBERT C. BROOMFIELD
SENIOR UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  | ) |  |
|---|---|---|
|  | ) | No. CIV       RCB |
| Plaintiff(s), | ) |  |
|  | ) | SCHEDULING ORDER |
| vs. | ) |  |
|  | ) | (No Separate Mailing |
| Defendant(s). | ) | to Counsel) |
|  | ) |  |

A Scheduling Conference having been held on _____[insert date]___.

**IT IS HEREBY ORDERED:**

Motions pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to amend the Complaint, to add a counterclaim or cross-claim, and to join additional parties, shall be filed no later than _____[insert date]___.

Rule 26(a)(1) initial disclosures (have been made) or (shall be made not later than ___[insert date]__).

Rule 26(b)(2) expert disclosure shall be made as follows:

(Attachment #1)

1.    Plaintiff(s) shall disclose its expert witnesses, if any, and their reports, not later than ____[insert date]____.

2.    Defendant(s) shall disclose its expert witness, if any, and their reports, not later than __[insert date]____.

3.    Expert witness depositions shall be completed by ____[insert date]____.

4.    All other discovery pursuant to Rules 30, 31, 33, 34, 35 and 36, including supplements thereto, shall be completed by __[insert date]__.  Interrogatories, including subparts, are limited to (25) or (____).  Requests for production, including subparts, are limited to (25) or (____).  Requests for admission, including subparts, are limited to (10) or (____).

Parties are directed to Local Rule 1.10(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties.  If parties cannot reach a resolution, they are directed to first arrange a conference call with the Court to attempt to resolve the matters.

This order contemplates that each party will conduct discovery in such a manner as to complete discovery within these deadlines.  Therefore, all discovery should be sought within time sufficient to permit responses by the deadlines.  "Last minute or eleventh hour" discovery which results in insufficient time to complete discovery or to undertake additional discovery and which requires an extension of a discovery deadline is disfavored, and

could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

A brief joint letter to the court concerning status of settlement discussions containing no specific settlement terms or offers shall be submitted by ___[insert date]___.  This letter should occur early in the litigation, after initial key discovery, in order to avoid excessive expenditure of time, money, and effort at further discovery.

All dispositive motions shall be filed by [insert date]___.  This deadline shall take into account the time limits for motions set forth in Local Rule 1.10 (see Appendix A).

A joint proposed pretrial order shall be lodged by __[insert date]__.  If dispositive motions are filed, then this pretrial order shall be due either on the above date or thirty (30) days following ruling on of the motions, whichever is later.  The content of the proposed pretrial order shall include, but not be limited to, that prescribed in a standard form of Pretrial Order which will be given to counsel at the Scheduling Conference.  Statements made shall not be in the form of a question, but should be a concise narrative statement of each party's contention as to each uncontested and contested issue.

The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial Conference on _____, at _____ p.m., in

Courtroom 606, Sixth Floor, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, Arizona. Because Pretrial Conferences are held for the parties' benefit, and further because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.  A trial date and any motions in limine deadline will be set at the Pretrial Conference.

Dated this _____ day of _____, 200___.


_____
ROBERT C. BROOMFIELD
SENIOR UNITED STATES DISTRICT JUDGE